State ex rel. H. & C. Newman vs. Judges.

No. 12,731.

STATE EX REL. H. & C. NEWMAN VS. JUDGES BLACKMAN AND MOUTON OF THE COURT OF APPEALS, THIRD CIRCUIT, PARISH OF ST. LANDRY.

ON APPLICATION FOR WRIT OF MANDAMUS.

The action was revocatory. When plaintiff's claim does not exceed two thousand dollars, and the value of the property involved in the contract sought to be annulled is greater than that amount, inasmuch as in such action the judgment can only affect the complaining creditor and the debtor to the amount of the former's claim, the appellate jurisdiction is tested by reference to the amount of plaintiff's claim.

But when plaintiff's claim exceeds two thousand dollars, and the value of the property, the sale of which is sought to be annulled as fraudulent, is *less than two thousand dollars*, the creditor can not recover an amount larger than the value of the property; that is the only amount at issue, and by it the court's jurisdiction is determined.

ON APPLICATION for Writ of *Mandamus.*

*Kenneth Baillio* for Relators.

Respondents in person.

Submitted on briefs January 29, 1898.
Opinion handed down February 7, 1898.

The opinion of the court was delivered by

BREAUX, J.  This is an action to have an appeal which had been dismissed *ex proprio motu* reinstated on the docket of the Court of Appeals and tried and decided.

It appears that the property which was the subject of the revocatory action in the District Court, was of a value less than the amount of the lower jurisdiction of this court; while relators' claim exceeds the sum of *two thousand dollars.*

The Court of Appeals held, that though the action is revocatory, in view of the fact that the amount of the creditors' claim was, in their judgment, the test by which their jurisdiction was to be determined, they were without jurisdiction.

The facts as disclosed are, that shortly after the relators had in- stituted their suit, Jules Petetin, their debtor, made a cession of his property to his creditors; the latter, except one or two including relators, voted for the acceptance of the surrender and for his dis- charge, which was duly granted. They, it is alleged, approved the *dation en paiement* assailed by relators, as hereafter mentioned.

After the debtors' discharge, the relators, ordinary creditors, filed a petition setting forth the facts to which we have alluded, and averring that there remained a very small *pro rata* for his ordinary creditors; that he did not make a complete surrender of his property, as he had fraudulently assigned and delivered the property described in their petition to his late wife as a *dation en paiement* of one thou- sand seven hundred and sixty dollars, now in possession of her heirs.

That the transfer had been fraudulently made and accepted by both parties to the transaction, and that unless annulled and set aside the effect of the transfer would be to place the property beyond the reach of his creditors.

It appears that after issue joined a judgment was rendered, annul- ling and setting aside the *dation en paiement*, ordering the property to be carried on the schedule of the debtor's insolvency and order- ing the syndic to apply the property to payment of the creditors, and further decreeing that the petitioners in the lower court, relators here, should be paid by preference over all other creditors out of the proceeds of the sale of the property.

From this judgment the relators took a devolutive appeal, which was dismissed as before stated, and which they now seek to have reinstated as before mentioned.

The judges of the Court of Appeals in their return state: that the test of jurisdiction in a revocatory action is the amount claimed of the original debtor, and not the value of the property, the sale of which the creditor seeks to have revoked, citing in support of that view several decisions of this court.

The record does not lead us to infer that there was any contesta- tion between the parties, save as to the sale which had been made by the debtor to his wife; of property worth less than two thousand dollars. It is not contended that the creditors, relators here, were not creditors in the amount claimed, so that the issue is entirely limited to the sale just stated. There was no issue growing out of any denial of relators' claim or any contest as to the indebtedness.

The question before us is purely, whether the amount claimed and not the value of the property of the debtor alleged to have been fraudulently transferred is the test of jurisdiction.

It is a fact that this court has decided in cases in which the creditor's claim was for an amount less than two thousand dollars that the test of jurisdiction in a revocatory action is the amount of the creditor's claim. We do not propose to make any change or the least alteration in this respect. We reiterate: where the plaintiff's claim is not within the jurisdiction of this court, in a revocatory action, this court is without jurisdiction, be the value of the property included in the contract sought to be annulled what it may. Then the only amount which can possibly be at issue is the amount of the creditor's claim who asks to set aside a contract only in so far as it is a hidnrance to the collection of his claim out of the sale of the property.

Here the condition is different; the amount involved necessarily is the value of the property. The creditor can not recover more than that amount, despite the fact that his claim is for a larger amount. The limit of his claim must be the seventeen hundred and odd dollars it is conceded it is worth. Our jurisdiction depends upon the value involved. We have not found that the amount was within our jurisdiction.

Loeb & Bloom vs. Arent, 33 An. 1086: The sum in question is the sum total the creditor seeks to have credited on his claim.

It is ordered, adjudged and decreed that the *mandamus* in this case is maintained and made perpetual; and the respondent judges shall reinstate the cause on the docket of their court at Opelousas, and decide all other issues presented.